UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | CASE NO.   CR05-391 RSM |
| v. ) | |
| ) | DETENTION ORDER |
| ERIC O'NEIL SOLIER, ) | |
| Defendant. ) | |

Offense charged:

   Conspiracy to Distribute Controlled Substances, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 846.

Date of Detention Hearing: November 22, 2005.

   The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Ron Friedman and Rich Cohen. The defendant was represented by James Vonasch.

   The Government moves for detention of the defendant, stating that the drug

DETENTION ORDER
PAGE -1-

conspiracy involves a February 2005 surveillance of the defendant delivering 109 grams of cocaine base, for which he received large sums of cash. Moreover, evidence found in the court authorized wiretap further corroborates the defendant's role in the conspiracy. The Government reports that the defendant is not legitimately employed, and his access to large sums of cash may be used to facilitate flight.

The Government cites that the defendant has active bench warrants and a history of failures to appear, suggesting an inability to comply with release in this conspiracy offense. Pointing to the defendant's risk of danger to the community, the Government refers to the nature of the instant offense, and purports that the defendant is associated with gang members of the 74 Hoover Crips.

Arguing for release, the defense draws attention to the exceptional support group of the defendant as reflected by the many family members and friends present in court. The defense asserts that the defendant has letters from his employers at Jiffy Lube vouching for his character and employability. According to the defense, the defendant has no assets, has strong ties to this community, and is a responsible father. The defense requests that court permit the defendant to be released to home detention.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons: Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

(a) The defendant poses a risk of nonappearance as he has a history

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

    of failing to appear and is unemployed with no reported source of income at this time.  The risk of the defendant's nonappearance is heightened by the severity of penalties he faces in this conspiracy offense.

  (b) The Court finds the weight of the evidence in this conspiracy charge to be significant: The February 2005 surveillance and later wiretap evidence clearly implicates him in the drug enterprise.

  (c) Due to the nature of the instant offense, in combination with the defendant's reported gang affiliation and admitted drug dealing activity, there is a risk of danger to the community.

(3) Based upon the foregoing, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United

DETENTION ORDER
PAGE -3-

1   States, to counsel for the defendant, to the United States Marshal, and to
2   the United States Pretrial Services Officer.
3   DATED this 23rd day of November, 2005.

                                            _____
                                            MONICA J. BENTON
                                            United States Magistrate Judge

DETENTION ORDER
PAGE -4-